**The PEOPLE of the State of Colorado, Complainant,**

v.

**Rowe P. STAYTON, Attorney–Respondent.**

**No. 90SA310.**

Supreme Court of Colorado, En Banc.

Oct. 15, 1990.

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

Philip A. Cherner, Denver, for attorney-respondent.

## PER CURIAM.

In this disciplinary proceeding, Rowe P. Stayton and the disciplinary counsel entered into a Stipulation, Agreement, and Conditional Admission of Misconduct. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that respondent be publicly censured. The panel also recommended that the costs of these proceedings be assessed against respondent. We agree with these recommendations, impose a public censure, and order that respondent be assessed the costs of these proceedings.

### I.

Rowe P. Stayton was admitted to the Bar of the Supreme Court on May 31, 1984. He is accordingly subject to the jurisdiction of this court and its Grievance Committee in these disciplinary proceedings. These disciplinary proceedings arise out of respondent's representation of two clients, Linda C. Herbst and Gilbert P. Sandoval. The following facts are established by stipulation.

### A. Linda C. Herbst

Linda C. Herbst, the complaining witness, was divorced in May 1978, and was granted sole custody of her two minor children. In September 1987, Herbst retained respondent to represent her in a custody modification proceeding. On September 22, 1987, John Cook, Herbst's ex-husband's attorney, wrote to respondent and asked respondent to have Herbst sign a temporary custody agreement. Respondent did not respond to Cook's request.

On October 16, 1987, Cook wrote to respondent regarding custody, support, and an insurance policy. Respondent did not supply the requested information and he advised Herbst that she need not provide the information absent a court order.

Cook wrote to respondent again on November 12, 1987, requesting a reply within the next few days. On November 30, 1987, respondent informed Cook that the information would be forwarded when he received it from Herbst. Respondent also asked Cook to contact him at his Idaho Springs office if he had any questions.

On January 6, 1988, Cook advised respondent to reply by January 12, 1988, or he would file motions with the court for a determination of the custody, support, and insurance issues. Respondent did not respond and did not advise Herbst of this letter.

In February 1988, respondent closed his Idaho Springs office, but did not make arrangements to forward the mail to his Denver office. On February 19, 1988, respondent entered his appearance and moved for an extension of time to file a response to the motion for custody and support. The court granted an extension of time, but respondent did not file a response within the allotted time.

Documents mailed to respondent's Idaho Springs office during February 1988 were not conveyed to respondent until March 30, 1988, when one of respondent's clients delivered them to respondent's Denver office. A copy of Cook's proposed order modifying custody was in this delivery.

On March 31, 1988, respondent wrote to Cook and claimed that the previous delays were due to the fact that Cook had been using respondent's Idaho Springs address. Respondent asked Cook to forward future discovery requests to respondent's Denver office.

On March 31, 1988, respondent mailed Herbst's response to the motion for custo-

dy to the court and requested a hearing. The response was filed with the court on April 1, 1988. On April 4, 1988, the court granted the ex-husband's motion for custody, and noted that Herbst had filed no response.

Respondent received a copy of the court's modification order on April 7, 1988, but took no steps to have it set aside. Respondent did not inform Herbst of the order. Herbst was also unaware of a court order modifying child support entered on May 3, 1988.

Respondent advised Herbst of her options, but Herbst never informed respondent of her desire to pursue any option. She obtained new counsel, but took no action to set aside the court's order.

### B. Gilbert P. Sandoval

Gilbert P. Sandoval was charged with four counts of aggravated robbery in three counties. He retained respondent to defend him on these charges. Respondent failed to appear on Sandoval's behalf twice: once in Jefferson County and once in Arapahoe County. Respondent's failure to appear in Arapahoe County on March 11, 1988, resulted in a contempt citation. On May 3, 1988, respondent was found in contempt and fined $500.00. The fine was subsequently suspended.

### II.

Respondent stipulated that his conduct in these incidents violated C.R.C.P. 241.6 concerning attorney discipline and the Code of Professional Responsibility DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 6–101(A)(2) (handling a legal matter without adequate preparation), DR 6–101(A)(3) (neglect of a legal matter entrusted to respondent), DR 7–101(A)(1) (failure to seek the lawful objectives of a client), as well as C.R.C.P. 241.6.

Standard 4.43 of the ABA *Standards for Imposing Lawyer Sanctions* provides: "Reprimand [in the form of a public censure] is generally appropriate when a law-yer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." The stipulation notes that respondent has no prior disciplinary record.

The stipulation provides that respondent agrees to either a public or private censure as the discipline in this matter. The Inquiry Panel recommended imposition of a public censure but respondent has argued that a private censure is appropriate because various mitigating factors are present under ABA Standard 9.32. He asserts that he was inexperienced in the practice of law, had no prior disciplinary record, had no dishonest or selfish motive, tried to make restitution to Herbst, cooperated with the Grievance Committee, has taken steps to avoid similar problems in the future, and is deeply remorseful for the harm caused by his misconduct. He also has submitted evidence of his good character and reputation as a lawyer.

We agree with the Inquiry Panel's recommendation that a public censure be imposed. Respondent engaged in a pattern of neglect extending over a period of several months with respect to his clients. He repeatedly failed to provide the services to which his clients were entitled and misled both his client and the opposing counsel in the Herbst case.

Accordingly, we publicly censure Rowe P. Stayton for his professional misconduct. We also order respondent to pay the costs of these proceedings in the amount of $784.86 to the Supreme Court Grievance Committee, 600—17th Street, Suite 500–S, Denver, Colorado, 80202, within 30 days from the date of this order.

VOLLACK, J., does not participate.