**The PEOPLE of the State of Colorado, Complainant,**

v.

**William Allen RICHARDSON, Attorney–Respondent.**

**No. 91SA213.**

Supreme Court of Colorado, En Banc.

Dec. 3, 1991.

Linda Donnelly, Disciplinary Counsel and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William A. Richardson, pro se.

PER CURIAM.

In this attorney discipline case, a hearing panel of the Supreme Court Grievance Committee recommended that the respondent receive a public censure for neglecting a legal matter entrusted to him and for conduct prejudicial to the administration of justice. We accept the recommendation of the hearing panel and publicly censure the respondent and order that he be assessed the costs of these proceedings.

### I

The respondent was admitted to the bar of this court on April 4, 1978, is registered on the official records of this court, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The assistant disciplinary counsel and the respondent entered into an unconditional stipulation of facts and partial admission of misconduct which was presented to the hearing board. In addition, the board heard the testimony from the complaining witness, Ernest R. Chism, the respondent, and other witnesses. Based upon this evidence, the board found that the following facts were established by clear and convincing evidence.

On September 25, 1986, the respondent entered his appearance as substitute counsel for the plaintiffs, including Chism, in a civil action filed in Denver District Court which alleged bad faith on the part of an insurance carrier in a workers' compensa-

tion settlement. On December 7, 1987, the opposing counsel mailed interrogatories to the respondent which were due to be answered on or before January 6, 1988. The respondent failed to comply with either the initial discovery request, or with an agreement he subsequently reached with opposing counsel that the interrogatories would be answered by January 22. The respondent did not reply to a motion to compel filed under C.R.C.P. 37. On March 15, 1988, the plaintiffs' bad faith action was dismissed with prejudice as a sanction for failure to comply with the requests for discovery, and the district court denied the respondent's motion to set aside the dismissal. Moreover, the district judge awarded costs in excess of $3,000 against the plaintiffs. The respondent paid these costs himself. The respondent filed a notice of appeal of the dismissal order, but when he did not respond to opposing counsel's motion to dismiss, the court of appeals dismissed the appeal.

## II

The hearing board concluded, and we agree, that the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); and DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).[1] The hearing panel approved the board's recommendation that the respondent receive a public censure. The assistant disciplinary counsel has excepted to the recommendation as unduly lenient and suggests a short period of suspension is warranted.

Either of two of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*) is arguably applicable to the respondent's conduct in this case. *ABA Standards* 4.42(b) provides that, in the absence of aggravating or mitigating factors, suspension is generally appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." Alternatively, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *ABA Standards* 4.43. *See also People v. Stayton,* 798 P.2d 903, 905 (Colo.1990) (public censure was appropriate where attorney engaged in a pattern of neglect over a period of several months with respect to his clients).

The question is a close one, but mindful that our paramount concern in attorney discipline proceedings is the protection of the public and not punishment of the errant lawyer, we are swayed by the absence of any prior disciplinary history on the respondent's part, and we accept the hearing panel's recommendation of public censure. Several members of the court, however, would have imposed a more severe sanction.

## III

Accordingly, we publicly reprimand the respondent, William Allen Richardson, and assess him the costs of these proceedings in the amount of $923.80. The costs are payable within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

---

1. The hearing board determined that there was insufficient evidence to establish that the respondent also violated DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); or DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship). The assistant disciplinary counsel has not excepted to this finding.