The PEOPLE of the State of Colorado, Complainant,

v.

Albert W. GEBAUER, Attorney–Respondent.

No. 91SA337.

Supreme Court of Colorado, En Banc.

Dec. 9, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Albert W. Gebauer, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee has recommended that the respondent in this attorney discipline proceeding receive a public censure for his negligence in failing to timely close two estates, and for his representation of two estates whose beneficiaries had conflicting interests. We accept the recommendation of the hearing panel, publicly censure the respondent, and assess him the costs of this proceeding.

I

The respondent was admitted to the bar of this court on February 25, 1957, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.1(b). After weighing the testimony of a number of witnesses, including expert witnesses for both sides, and considering the exhibits admitted into evidence, the hearing board found that the following facts were established by clear and convincing evidence.

Henry Kahrs and his wife Helena acquired approximately 8,000 acres of farmland and conducted a farm and ranch operation in Logan County, Colorado. The Kahrs had three children: Walter, who farmed with his father and who had substantial land of his own; Marcine Todd; and Margaret Rhoades. In 1961, the respondent prepared a will and testamentary trust for Henry Kahrs. The will gave one-half of the estate to Helena and placed the other half in trust for the benefit of Helena for her life, and then to Henry's living descendants *per stirpes*. The will named Helena as the personal representative of the estate, and appointed Helena and Walter as co-trustees of the trust.

Henry Kahrs died in 1975, and his will was admitted to probate in Logan County in September 1975. The respondent was the attorney for the estate. The creditors' claims were to be filed by January 1977 and issues regarding federal and state inheritance taxes were resolved before 1980. In 1983, the district court in which the probate proceeding was pending issued an order directed to Helena as the personal representative of Henry's estate and to the respondent as attorney for the estate, to show cause why removal proceedings should not be commenced against them. The respondent assured the court that the estate would be closed promptly. Nevertheless, the estate had not been closed as of May 1990.

Walter Kahrs died in 1980. The respondent represented Walter's widow, Bernice Kahrs, as the personal representative of

Walter's estate. Walter's estate had not been closed nine years after it had been opened. The respondent admitted that the failure to close Walter's estate was attributable to his neglect. Moreover, the respondent continued to represent both estates after a conflict developed between the beneficiaries of the estates arising from a disputed *inter vivos* transfer of land from Henry to Walter.

## II

■ The respondent admitted, and the hearing board found, that the respondent's failure to close the estates of Henry Kahrs and Walter Kahrs in a timely manner violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer). Various actions and inactions by Helena Kahrs who was found by the district court to have violated her fiduciary duties as personal representative of Henry's estate help to explain the delay in closing of the estates, but do not excuse the respondent's negligence. The board also determined that the respondent's representation of both estates after conflicts developed among and between the beneficiaries of those estates, in the absence of waivers from the beneficiaries obtained after full disclosure of the conflicts, violated DR 5–105(B) (a lawyer shall not continue multiple employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve the lawyer in representing different interests).[1] By vir-

tue of the foregoing, the respondent also violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6 (grounds for lawyer discipline). The board concluded that, although the respondent's conduct exacerbated family in-fighting, it did not inflict substantial economic or emotional injury.

■ The hearing panel approved the board's recommendation that the respondent receive a public censure and be assessed the costs of the proceedings. The assistant disciplinary counsel has not objected to the imposition of a public censure, and the respondent has not excepted to the hearing panel's recommendation in the manner required by C.R.C.P. 241.20(b). A number of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), are applicable to the respondent's conduct in this case. In the absence of aggravating or mitigating factors, public censure is generally appropriate when a lawyer is negligent in determining whether the representation of a client will adversely affect another client, causing injury or potential injury to a client. *ABA Standards* 4.33.

■ In addition, *ABA Standards* 4.42(b) provides that, in the absence of aggravating or mitigating factors, suspension is generally appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." Alternatively, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *ABA Stan-*

---

1. The complaint filed by the assistant disciplinary counsel also charged the respondent with violations of DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to him without adequate preparation under the circumstances); DR 5–105(A) (a lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be affected by the

acceptance of the proffered employment, or which would be likely to involve him in representing differing interests, unless it is obvious he can represent the interests of each client, and both clients consent after full disclosure); and DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means). The board concluded that violations of DR 2–106(A) and DR 7–101(A)(1) were not established by clear and convincing evidence, but made no explicit findings with respect to the remaining alleged violations. The assistant disciplinary counsel has not excepted to the findings, or absence of findings, by the hearing board.

*dards* 4.43. *See People v. Richardson*, 820 P.2d 1120, 1121 (Colo.1991). The board did not explicitly discuss the existence of mitigating and aggravating circumstances and the effect of such circumstances on their recommendation. We find it significant that after almost thirty-five years of practice, the respondent has received only one private censure, and that was over twenty-five years ago. Accordingly, we accept the recommendation of the hearing panel.

### III

We publicly censure respondent Albert W. Gebauer and assess him the costs of these proceedings in the amount of $13,-706.34. The costs are payable within six months after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.